STATE OF MAINE                                    SUPERIOR COURT
PENOBSCOT, SS.                                     Docket No. AP-06-10

JAMES G. KENNEDY,           )
                Petitioner,  )
                            )
                            )
       v.                   )                    ORDER
                            )
                            )
                            )
MAINE DEPARTMENT OF          )
 HEALTH AND HUMAN            )
SERVICES,                    )
                Respondent.  )

FILED & ENTERED
SUPERIOR COURT

OCT 17 2006

PENOBSCOT COUNTY

The material facts in this Rule 80C appeal are essentially uncontroverted. The Petitioner appeals from a decision of Maine Department of Health and Human Services Hearing Officers which established a child support obligation of $141.00 per week and an arrearage of $40,673.00. He argues that Respondent exceeded its legal authority in entering these Orders and otherwise acted inconsistently with the law.

This matter came to the Respondent in a somewhat unusual configuration. The Petitioner had been married to a citizen of the Federal Republic of Germany and resided there for a while. He and his wife had a single child – a son who is the subject of the child support obligations discussed herein.

Petitioner's former wife (Yvonne) obtained a divorce judgment from a German court which awarded full custody of the child to her but made no mention of child support. Apparently Yvonne received some manner of public assistance for the child and the German authorities commenced this action by petition dated March 29, 2005, seeking, inter alia, recovery for those amounts.[1]

The parties agree that Maine and the Federal Republic of Germany have a reciprocal agreement for enforcement of child support obligations. Enforcement is undertaken pursuant to the Uniform Interstate Family Support Act (UIFSA), 19 MRSA Ch. 67, Subch. 6. The Respondent served Petitioner with the usual Notice of Proceeding to Establish Child Support and hearings were held to determine the presumptive amount of support and the amount of any arrearage. After the Respondent established obligations as noted in the first paragraph of this Order, Petitioner appealed.

Petitioner argues at the outset that the Federal Republic of Germany has original and exclusive jurisdiction over the child support obligating and that the Maine

---

[1] Apparently the German social service agency had paid the amount of $14,468.25 to Yvonne and anticipated a rate of $515.29 per month continuing into the future.

Department of Human Services has no authority to be establishing the amount of any monthly obligation or arrearage. He asserts that the amounts have already been established and that Respondent's role is limited to an enforcement function.

This court is satisfied that Germany, as an "initiating state," or tribunal has appropriately presented a petition which triggers an obligation for Maine to respond. After review, the court is equally satisfied that Germany effectively petitioned the State of Maine to establish the amount of support, consistent with law, and to provide for enforcement of such. There is not suggestion that the German courts or authorities ever undertook to hold a hearing or other proceedings to determine the appropriate amount of Petitioner's child support obligation. It has provided a summary of the amounts paid, but this is not a presumptive child support obligation under Maine or German law. It falls to the Respondent to establish such.

The court has reviewed the hearing officer's conduct of the proceedings and application of the Maine Child Support Guidelines and the court finds no obvious error therein. Although Petitioner makes a case for deviations upon five theories in his Brief, the court concludes that the hearing officer appropriately rejected them (to the extent that they were properly presented).

In sum, it is clear that the Respondent was not simply enforcing an existing Order of support. Nor was it modifying one. It was establishing one where none existed previously and had the authority and jurisdiction to do so.

As such, Petitioner's appeal is denied and the matter is remanded to the Respondent for appropriate further action.

The Clerk may incorporate this Order upon the docket by reference.

Dated: October 16, 2006

Andrew M. Mead
JUSTICE, MAINE SUPERIOR COURT

Date Filed 6/15/06        PENOBSCOT        Docket No. AP-2006-10
                           County

Action    RULE 80C APPEAL

**ASSIGNED TO JUSTICE ANDREW M. MEAD**

JAMES G. KENNEDY     (Appellant)     VS. MAINE DEPT. OF HEALTH AND HUMAN SERVICES

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| EDWARD C. SPAIGHT, ESQ.<br>P O BOX 919<br>BANGOR, ME. 04402-0919 | ROBERT M. LASKEY, AAG<br>OFFICE OF THE ATTORNEY GENERAL<br>6 STATE HOUSE STATION<br>AUGUSTA ME 04333-0006 |

| Date of Entry | |
|---|---|
| 6/15/06 | Appeal of Final Agency Action M.R.Civ.P. 80C filed (attachment attached). |
| 6/19/06 | Notice of Assigned Justice filed. Pursuant to Administrative Order, Single Justice Assignment of Civil Cases, Docket No. SJC-323, the above referenced case is specially assigned to Justice Andrew M. Mead. /s/Margaret Gardner, Clerk. Copy forwarded to Plaintiff's Attorney. |
| 6/21/06 | Acknowledgement of Receipt of Summons and Complaint as to Defendant by Robert M. Laskey, AAG, (s.d. 6/15/06), filed by Plaintiff. |
| 7/3/06 | Entry of Appearance filed by Robert M. Laskey, A.A.G. on behalf of Respondent, Commissioner, Maine Department of Health and Human Services. |
| 7/5/06 | Copy of Notice of Assigned Justice forwarded to attorney for Respondent. |
| 7/11/06 | Certification of Record filed by Respondent. Two (2) binders. |
| 7/11/06 | Notice and Briefing Schedule 80C Appeal of Final Agency Actions forwarded to attorneys of record. |
| 8/17/06 | Brief for the Appellant filed. |
| 9/18/06 | Brief of the Respondent filed. |
| 10/2/06 | Appellant's Reply Brief. |
| 10/13/06 | Order Issued: The parties have submitted briefs on 80C Appeal. The Court takes the matter under advisement, without oral argument and an order will be issued in due course. (Mead, J) Copy forwarded to all Attorneys of Record. |
| 10/17/06 | File returned by Justice Mead. Order issued. |
| 10/17/06 | Order issued. Petitioner's Appeal is denied and the matter is remanded to the Respondent for appropriate further action. The Clerk may incorporate the Order upon the docket by reference. (Mead, J.) Copy forwarded to attorneys of record. and to Deborah Firestone, Donald Garbrecht Law Library and to Donald Goss Data Services. |